COMMONWEALTH OF KENTUCKY
SIXTEENTH JUDICIAL CIRCUIT
KENTON CIRCUIT COURT
DIVISION ___4___
CASE NO.: _____

C.D., a minor child, through his
mother and next friend, **Christina Jennings**　　　　　　　　　　　　**PLAINTIFF**

vs.

**JACK MORELAND**, Superintendent,
Covington Independent Public Schools,
in his individual and official capacity;
**KEN ELLIS**, Executive Director of
Personnel and Administration,
in his individual and official capacity;
**HENLEY MCINTOSH**, Director of Safety,
in his individual and official capacity;
**SARINA BALL**, Preschool Program Director,
James E. Biggs Early Childhood Education Center,
in her individual and official capacity;
**TARA RICHARDSON**, Teacher,
James E. Biggs Early Childhood Education Center,
in her individual and official capacity;
**JAYNE RABE**, Teacher Assistant,
James E. Biggs Early Childhood Education Center,
in her individual and official capacity;
**RITA WILSON, COL OWENS,
GLENDA HUFF, AND JIM VOGT**,
Covington School Board Members,
in their official capacity; and the
**COVINGTON BOARD OF EDUCATION**　　　　　　　　　　　　**DEFENDANTS**

# DEMAND FOR A JURY TRIAL

## CIVIL COMPLAINT

Plaintiff, minor child C.D., through his mother, and by counsel, hereby declares:

### PLAINTIFF

1) That Plaintiff, C.D., is a four (4) year old male who lives with his parents, in Kenton County, Kentucky and that, when he was three (3) years old, he attended preschool at the James E. Biggs Early Childhood Education Center, in the Covington Independent Public School District. He brings this action through his mother and next friend, Christina Jennings.

### JURISDICTION

2) That Plaintiff, C.D., and his parents live in Kenton County, Kentucky, and all of the Defendants either live or work within Kenton County, as employees or elected officials of the Covington Independent Public Schools District and the Covington Board of Education.

3) That jurisdiction is conferred on this Court as a matter of law pursuant to KRS 23A.010 and the Kentucky Constitution Section 112.

4) That this court has subject matter jurisdiction over this action as this is an action for damages in which the amount in controversy exceeds the minimum jurisdictional amounts of this Court.

### DEFENDANTS

5) That Defendant Jack Moreland is the Superintendent of the Covington Independent School District, and as such is responsible to see that the laws relating to the schools, the by-laws, rules and regulations of the State Board of Elementary and Secondary Education, and the regulations and policies of the District Board of Education are carried into effect pursuant to KRS 160.370.

6) That Defendant Ken Ellis is the Executive Director of Personnel and Administration of the Covington Independent School District, and as such is responsible for the oversight of personnel in accordance with the laws of the Commonwealth and consistent with the policies and procedures of the Board of Education.

7) That Defendant Henley McIntosh is the Director of Safety of the Covington Independent School District and as such is responsible to ensure that every student have access to a safe, secure, and orderly school that is conductive to learning pursuant to KRS 158.440, and consistent with the policies and procedures of the Board of Education.

8) That Defendant Sarina Ball is the Preschool Program Director of the James E. Biggs Early Childhood Education Center and as such is responsible for the operation of that school insomuch as to ensure that every student have access to a safe, secure, and orderly school that is conductive to learning pursuant to KRS 158.440, and consistent with the policies and procedures of the Board of Education.

9) That Defendant Tara Richardson is a preschool Teacher at the James E. Biggs Early Childhood Education Center and as such is responsible for the operation of her classroom(s) insomuch as to ensure that every student have access to a safe, secure, and orderly school that is conductive to learning pursuant to KRS 158.440, and consistent with the policies and procedures of the Board of Education.

10) That Defendant Jayne Rabe is a preschool Teacher Assistant at the James E. Biggs Early Childhood Education Center and as such is responsible for the operation of her classroom(s) insomuch as to ensure that every student have access to a safe, secure, and orderly school that is conductive to learning pursuant to KRS 158.440, and consistent with the policies and procedures of the Board of Education.

11) That Defendant Rita Wilson is a school board member of the Covington Board of Education responsible pursuant to KRS 160.290 for the promotion of educational services, as well as the general health and welfare of pupils, consistent with state laws and administrative regulations.

12) That Defendant Col Owens is a school board member of the Covington Board of Education responsible pursuant to KRS 160.290 for the promotion of educational services, as well as the general health and welfare of pupils, consistent with state laws and administrative regulations.

13) That Defendant Glenda Huff is a school board member of the Covington Board of Education responsible pursuant to KRS 160.290 for the promotion of educational services, as well as the general health and welfare of pupils, consistent with state laws and administrative regulations.

14) That Defendant Jim Vogt is a school board member of the Covington Board of Education responsible pursuant to KRS 160.290 for the promotion of educational services, as well as the general health and welfare of pupils, consistent with state laws and administrative regulations.

## FACTUAL ALLEGATIONS

15) That C.D. was a resident of Covington, Kentucky and was lawfully and rightfully enrolled in the Covington Independent School system during the 2006-07 school year.

16) That C.D. was enrolled specifically in the Covington Independent School District's James E. Biggs Early Childhood Education Program for children with special needs as he was a student with a developmental delay and significant language deficits.

17) That C.D. was primarily a non-verbal student due to his developmental delays and

language deficits and required intensive intervention to achieve academic and social success.

18) That on or about April 25, 2007, C.D. was knowingly and negligently left unattended with another student who had the known propensity to bite other children.

19) That while left unattended, C.D. was brutally attacked by this other student and severely bitten five (5) times about his face and arm.

20) That the bite marks on C.D.'s face and arm left significant wounds, including broken skin, which required medical attention and antibiotic medication.

21) That because C.D. was primarily non-verbal and had significant developmental delays, he was helpless to protect himself or ask for assistance and thus required the constant protection of an adult caregiver.

22) That without such proper supervision and protection, it was foreseeable that the other child, with the known propensity to bite, would be able to attack C.D. and perpetrate five injuries to C.D.'s person.

23) That C.D.'s parents were not informed of his injuries, and in fact, only discovered his injuries when they picked him from the afternoon childcare program, and witnessed his swollen face.

24) That the director of the afternoon childcare program informed C.D.'s parents that he arrived at her program already in the injured condition.

25) That C.D.'s parents contacted Defendant Sirena Ball immediately upon discovery of C.D.'s injuries, to learn about what happened, but was told that he was not injured at her program.

26) That C.D.'s parents contacted the transportation personnel for the school district, who transported C.D. from the James E. Biggs program to the afternoon childcare program, and

learned that C.D. was already crying when he got on the school bus at James E. Biggs.

27) That C.D.'s parents made numerous additional contacts or attempted contacts to Defendant Sarina Ball to show her C.D.'s injuries, and to demand protection for C.D., but again, Defendant Serena Ball denied that C.D. was injured at the James E. Biggs program, and in fact, claimed that she believed the injuries were actually ringworm.

28) That C.D.'s parents had no choice but to withdraw him from the James E. Biggs program in order to insure his safety.

29) That subsequent to the attack, C.D. became extremely withdrawn and fearful of other children and displayed regression in his language and development.

30) That due to C.D.'s display of fear and regression, his inability to protect himself, along with his parents' concern about the staff's inability to protect C.D., his parents felt unable to return him to school.

## CLAIMS

31) That the allegations in paragraphs 1-29 above are incorporated as if fully set forth herein.

32) That the Defendants', standing in loco parentis, had a duty to protect the Plaintiff while he was in their care pursuant to KRS 161.180, and their failure to protect the Plaintiff was a breech of such duty, and such breech resulted in physical and emotional harm to the Plaintiff.

33) That as a result of the Defendants' negligent conduct, the Plaintiff has been denied his civil rights pursuant to §1983 in that his fundamental constitutional and statutory right to a public education as guaranteed by Section 183 of the Kentucky Constitution, the Fifth and Fourteenth Amendments to the United States Constitution, Sections 2 and 10 of the Kentucky Constitution, Kentucky state laws and regulations, and the Covington Independent Public School

District's own policies, have been violated without due process of law.

34) That because Plaintiff, a primarily non-verbal, disabled student protected under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, was knowingly and negligently left unattended with another student who had the known propensity to bite other children, the Defendants' conduct constituted negligence and bad faith in their individual and official capacities.

35) That the Defendant's conduct denied the Plaintiff's access to a safe, secure, and orderly school in accordance to KRS 158.440.

36) That, as a result of Defendants' conduct, Plaintiff was denied his right to an appropriate public education in violation of KRS 158.150, 158.148, and 158.153, and the Individuals with Disabilities Education Act, 20 USC 1400 et seq.

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully seeks from this court an order granting relief as follows:

A. For a judgment against the Defendants, in an amount to be determined by the fact finder, but that exceeds the jurisdiction of this court;

B. For costs herein including a reasonable attorney fee;

C. For a trial by jury;

D. For an order granting Plaintiff's Motion to Proceed in forma pauperis;

E. To allow Plaintiff, a minor child, to proceed in pseudonym (C.D.) throughout the pendency of these proceedings; and

F. For any and all other relief to which he may be entitled.

Respectfully submitted,

*Marianne S. Chevalier* (signature)

MARIANNE S. CHEVALIER
Chevalier, Fox & Ginn, P.S.C
2500 Chamber Center Drive, Suite 202
Ft. Mitchell, Kentucky 41042
Phone: (859) 581-3030
Fax:     (859) 581-5444
Chevalier.cfglaw@fuse.net
ATTORNEY FOR PLAINTIFF

## VERIFICATION

I hereby state that the facts as stated above and in the accompanying Civil Complaint are true and correct to the best of my knowledge and belief.

*Christina Jennings* (signature)

Christina Jennings
Mother of Plaintiff, minor child C.D.

**COMMONWEALTH OF KENTUCKY**
**COUNTY OF KENTON**

Subscribed and sworn before me, a Notary Public, by Christina Jennings, as her free and voluntary act on this the 23rd day of April, 2008.

*Marianne S. Chevalier* (signature)

NOTARY PUBLIC
Commonwealth of Kentucky

My Commission Expires: 4-1-2012